**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
                               )
                               )
      v.                       )     I.D. No. 9603000529
                               )
KEVIN L. WASHINGTON,    )
                               )
       Defendant.     )

Submitted: November 7, 2018
Decided: December 4, 2018

On Defendant's Motion for Correction of Sentence. **DENIED.**

# <u>ORDER</u>

Jan A. T. van Amerongen, Jr., Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin L. Washington, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 4th day of December, 2018, upon consideration of Defendant's Motion for Correction of Sentence, it appears to the Court that:

1.      On March 18, 1996, the New Castle County Grand Jury indicted Kevin L. Washington ("Defendant") for three counts of unlawful sexual intercourse first degree[1] and one count of unlawful sexual penetration third degree.[2] After the evidence was presented at Defendant's trial, and prior to deliberations, this Court instructed the jury on the lesser-included offense of unlawful sexual contact second degree as to two of

---

[1] 11 *Del. C.* § 775(a)(4) (1995).
[2] 11 *Del. C.* § 770(a)(2) (1995).

1

the three unlawful sexual intercourse charges.[3] On April 30, 1998, the jury found Defendant guilty of two counts of unlawful sexual intercourse first degree, one count of unlawful sexual penetration third degree, and one count of unlawful sexual contact second degree, a lesser-included offense of the third indicted unlawful sexual intercourse first degree.[4] Defendant was sentenced to 75 years level V incarceration.[5] The Supreme Court of Delaware affirmed Defendant's conviction on direct appeal on March 3, 2000.[6]

2.    Defendant previously filed three separate motions for postconviction relief in this Court.[7] Defendant also sought federal intervention through habeas corpus proceedings.[8] All of Defendant's attempts over the past two decades to avoid the remainder of his prison sentence have failed. Defendant again comes before this Court seeking relief.

3.    Defendant filed a *pro se* Motion for Correction of Sentence pursuant to Superior Court Criminal Rule 35(a) on November 5, 2018. In his Motion, Defendant argues that on April 30, 1998, he was convicted of only one count of unlawful sexual intercourse first degree, and two counts of the lesser-included unlawful sexual contact second degree. Defendant believes this Court ignored the jury verdict when this Court sentenced him on September 18, 1998 to, *inter alia*, two counts of unlawful sexual intercourse first degree.

4.    Defendant apparently misunderstands the procedural history of this case. At trial, after a motion by defense counsel, the Court instructed

---

[3] 11 *Del. C.* § 768 (1995); Trial Transcript, D.I. 68, at 170–171 (Apr. 30, 1998). The lesser-included offense pertained to Counts I and III only.

[4] *Washington v. State*, 748 A.2d 408, 2000 WL 275638 at *1 (Del. 2000).

[5] Sentencing Order, D.I. 63 (Sept. 18, 1998).

[6] *Washington*, 2000 WL 275638, at *1 (finding no plain error in admission of prior bad-act character evidence at trial).

[7] *State v. Washington*, 2002 WL 826902 (Del. Super. Ct. Apr. 29, 2002) (finding that Defendant's claims were procedurally barred and previously adjudicated); *State v. Washington*, 2003 WL 21771210 (Del. Super. Ct. July 30, 2003) (finding Defendant's claims were procedurally barred and formerly adjudicated); *State v. Washington*, 2005 WL 1653953 (Del. Super. Ct. May 17, 2005), *aff'd*, 882 A.2d 762 (Table), 2005 WL 2240107 (Del. 2005) (finding Defendant's claims were both time barred and previously adjudicated).

[8] *Washington v. Carroll*, 2007 WL 2986328 (D. Del. Oct. 11, 2007) (dismissing Defendant's petition for writ of habeas corpus as time barred).

the jury on the lesser-included offense of unlawful sexual contact second degree as to Counts I and III only.[9] The jury was instructed that it must consider the lesser-included offenses if it determined the State failed to meet its burden to prove beyond a reasonable doubt Defendant committed the original charges in Count I and III.[10] The jury was free to find Defendant guilty as originally charged if the jury believed, in their collective wisdom, that the State met its burden of proof as to each element of the original charge.

5. The jury determined that the State failed to satisfy its burden to prove beyond a reasonable doubt that Defendant committed Unlawful Sexual Intercourse First Degree as to Count III, and instead found Defendant guilty of the lesser-included offense of Unlawful Sexual Contact Second Degree as to Count III. While the jury was permitted to consider that same lesser-included offense for Count I, it determined the State satisfied its burden to prove Defendant was guilty as originally charged in the indictment with respect to Counts I and II (Unlawful Sexual Intercourse First Degree).

6. The record is clear that the jury found Defendant found guilty of two counts of Unlawful Sexual Intercourse First Degree, one count of Unlawful Sexual Penetration Third Degree, and one count of Unlawful Sexual Contact Third Degree.[11] Defendant was sentenced for the same underlying offenses of which he was convicted. Defendant's sentence was correct.

Therefore, Defendant's Motion for Correction of Sentence is **DENIED.**

**IT IS SO ORDERED.**

---

[9] Trial Transcript, D.I. 68, at 170–171.

[10] "With respect to Counts I and III only, if, after considering all the evidence, you find that the State has established beyond a reasonable doubt that the defendant acted in such a manner as to satisfy all the elements [of the offenses], at or about the date and place stated in the indictment, you should find the defendant guilty of unlawful sexual intercourse first degree. If you do not so find, or if you have reasonable doubt as to any element of this offense, you must find defendant not guilty of unlawful sexual intercourse first degree *with respect to either or both Counts I and II and go on to consider the lesser-included offense* of unlawful sexual contact second degree." Trial Transcript, D.I. 68, at 170–171 (emphasis added).

[11] *Id.* at 190–191.

_____

Richard R. Cooch, R.J.

cc:   Prothonotary
      Investigative Services

4